**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| MARIO A. VELAZQUEZ | § § § § | |
| v. | | |
| RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ AND JUAN ALFONSO ALVARADO AMADOR | § § § § § § | CIVIL ACTION NO. 5:16-cv-00238 |
| v. | § § | |
| BENTELER AUTOMOTIVE - MEXICO AND BENTELER AUTOMOTIVE CORPORATION | § § § | |

**BENTELER DEFENDANTS' THIRD-PARTY COMPLAINT**

Defendants/Third-Party Plaintiffs, Benteler Automotive Corporation ("Benteler") and Benteler de Mexico S.A. de C.V. Mexico/Puebla ("Benteler-Mexico") (collectively "Benteler Defendants" or "Third-Party Plaintiffs") file this Third-Party Complaint against the parties identified in Plaintiff's Third Amended Complaint: Allied Plastics, Inc. ("Allied Plastics"), Forming Technologies, LLC ("Forming Tech"), and Packaging Concepts & Design, LLC ("PC&D"), and would respectfully show the Court as follows:

**A. Parties**

1. Plaintiff, Mario A. Velazquez ("Velazquez" or "Plaintiff") is an individual resident of Laredo, Webb County, Texas.

2. Defendant/Third-Party Plaintiff, Benteler, is a foreign corporation organized under the law of the State of Delaware, who has appeared and answered herein.

3. Defendant/Third-Party Plaintiff, Benteler-Mexico, is a foreign entity who has answered and appeared herein.

4. Third-Party Defendant, Allied Plastics is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin. Allied Plastics may be served with process by serving its registered agent, Timothy A Neal, at 150 Holy Hill Rd., Twin Lakes, WI 53181.

5. Third-Party Defendant, Forming Tech is a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Forming Tech may be served with process by serving its registered agent, David Hembree, at 1885 E Laketon Avenue, Muskegon, MI 49442.

6. Third-Party Defendant, PC&D is a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan. PC&D may be served with process by serving its registered agent, Richard Kaspers, at 234 E Maple Road, Troy, MI 48083.

### B. Jurisdiction

7. This Court acquired jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants/Third-Party Plaintiffs are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Venue

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and the Webb County, Texas district court within which this lawsuit was originally filed is within this district.

### D. Factual Background

9. This lawsuit arises out of an incident that occurred on June 6, 2015 at the World Trade Bridge port of entry in Laredo, Webb County, Texas. At that time, Plaintiff, was an officer

employed by U.S. Customs and Border Protection. Plaintiff alleges his primary duties and/or responsibilities included regulatory inspections of commercial shipments and/or cargo being imported into the United States.

10. It is alleged by Plaintiff that Allied Plastics, Forming Tech, and PC&D designed, constructed, manufactured, and marketed the shipping containers that ultimately caused or contributed to Plaintiff's injuries. *See* Plaintiff's Third Amended Complaint, at ¶16. It is further alleged that during the inspection, a pallet of the cargo being transported fell on Plaintiff, thereby causing him injuries.

11. Plaintiff originally filed suit against the Benteler Defendants/Third-Party Plaintiffs in negligence and is seeking damages for the injuries he alleges were proximately caused by the Benteler Defendants/Third-Party Plaintiffs. The Benteler Defendants/Third-Party Plaintiffs have filed their Original Answer and Amended Answers to Plaintiff's Complaints. In their answer, the Benteler Defendants/Third-Party Plaintiffs asserted that they would not be liable for the acts, omissions, or conduct of other persons or entities for which they had no control, including Plaintiff and third parties. Further, the Benteler Defendants/Third-Party Plaintiffs asserted that Plaintiff's alleged damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages.

12. Subsequently, in Plaintiff's Third Amended Complaint, Plaintiff makes the new following new factual allegations:

> To that end, Benteler Automotive, with Benteler Mexico, enlisted the assistance of Allied Plastics, Inc., Forming Technologies, LLC and Packaging Concepts & Design, LLC in the design, construction, manufacture and marketing of these shipping containers. Each, therefore, were sellers and manufacturers per § 82.001(3) and (4) definitions, TCPRC. Through a number of months of work, the shipping containers were so designed and constructed/manufactured and put into

the stream of commerce. Each of these three companies along with both Benteler Defendants were involved in placing these shipping containers into the stream of commerce - the anticipated and actual flow of these shipping containers from design and construction/manufacture to distribution, installation of other products (the subject BMW auto parts) and use through the purchase, sale, exchange and transportation of goods, commodities and other products, including the BMW auto parts of the type and those actually involved herein. . . .[1]

The primary forces acting on the subject trailer during transportation include vertical shocks caused by rough roads, bridge crossings and other surface irregularities along with secondary forces including longitudinal shocks caused by impacts against loading docks, coupling impacts, braking and accelerations. The rear of loaded trailers experience the highest vertical and longitudinal accelerations of the trailer during transit. The prevention of such risks and dangers is exactly what the utility of these subject termos and the subject interlocking longitudinal support projections and channels themselves should provide. These issues were not account for or addressed sufficiently or at all by the sellers and manufacturers during the design, construction/manufacture and marketing of the termos. . . .[2]

The interlocking support projections and channels of the subject termos were to have design specifications, the intent of which were to provide stability from slippage/shifting when triple stacked in trailers with side-by-side columns for over the road land based trucking operations- whether the slippage or shifting was laterally (left or right) or longitudinally (frontward or rearward). However, the subject termos did not have and failed to have such to provide this stability.[3]

13. Based on the above allegations in conjunction with the remaining allegations in paragraphs 6 through 43 of Plaintiff's Third Amended Complaint, Plaintiff brought new claims against the Benteler Defendants/Third-Party Plaintiffs for Strict Products Liability.[4] More specifically, Plaintiff brought claims alleging that the "termos" were defectively designed, defectively marketed by providing insufficient/inadequate instructions and warnings, and defectively marketed by failing to provide sufficient and adequate instructions and warnings.[5]

14. The Benteler Defendants/Third-Party Plaintiffs did not design, construct, manufacture, or market the shipping containers or "termos" made the basis of this suit. These

---

[1] Plaintiff's Third Amended Petition, Doc. No. 192, at ¶17.
[2] *See id.* at ¶27.
[3] *See id.* at ¶32.
[4] *See id.* at 15.
[5] *See id.* at 15–29.

actions, as revealed through discovery in this matter were all conducted by Allied Plastics, Forming Tech, and PC&D. More specifically, corporate representatives for Allied Plastics, Forming Tech, and PC&D have testified that they designed, manufactured, and/or marketed the subject "termos" that are the basis of Plaintiff's products liability claims against the Benteler Defendants/Third-Party Plaintiffs. Based on Plaintiff's allegations and the testimony of Allied Plastics, Forming Tech, and PC&D, third-party defendants are properly liable to the Benteler Defendants/Third-Party Plaintiffs under Texas Civ. Prac. & Rem. Code Chapter 82 for defense and indemnity as the manufacturer of the shipping containers or "termos" made the basis of this suit.

### E.  Count - Products Liability Defense and Indemnity

15. Third-Party Defendants, Allied Plastics, Forming Tech, and PC&D are liable to the Benteler Defendants/Third-Party Plaintiffs under Tex. Civ. Prac. & Rem. Code Chapter 82 for defense and indemnity of Plaintiff's claims against the Benteler Defendants in products liability.

16. Chapter 82 of the Texas Civil Practice and Remedies code provides that "a manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, internal misconduct, or other act or omission, such as negligently modifying or altering the product, for which seller is independently liable." *See* Civ. Prac. & Rem. Code § 82.002.

17. Allied Plastics, Forming Tech, and PC&D are the "manufacturer" as defined by Tex. Civ. Prac. & Rem. Code chapter 82 and as corroborated by their deposition testimony. Specifically, Allied Plastics, Forming Tech, and PC&D designed, formulated, constructed, built, fabricated, produced, compounded, processed and/or assembled the tray pack, dunnage, or "termos" at issue in this lawsuit and that are the basis of Plaintiff's products liability claims

against the Benteler Defendants/Third-Party Plaintiffs. The Benteler Defendants ordered the "termos" from Allied Plastics, Forming Tech, and PC&D to serve as the packaging for the Benteler Defendants/Third-Party Plaintiffs own manufactured parts. The Benteler Defendants/Third-Party Plaintiffs are a "seller" of the "termos" as defined by chapter 82 of the Texas Civil Practice and Remedies Code. The Benteler Defendants/Third-Party Plaintiffs did not modify or alter the product in question, the "termos", in any way.

18. In Plaintiff's Third Amended Complaint, Plaintiff alleges that the "termos" designed and manufactured by Allied Plastics, Forming Tech, and PC&D were defectively designed, manufactured, and inadequate warnings were provided. Plaintiff further alleges that these acts or omissions resulted in the incident causing Plaintiff's injuries that are the basis of this lawsuit.

19. Allied Plastics, Forming Tech, and PC&D manufactured the subject "termos" and therefore owe a duty to indemnify the Benteler Defendants/Third-Party Plaintiffs under chapter 82 of the Texas Civil Practice & Remedies Code.

## F.  Prayer

20. For these reasons, Defendants/Third-Party Plaintiffs Benteler Automotive Corporation and Benteler de Mexico S.A. de C.V. Mexico/Puebla ask for judgment against Third-Party Defendants Allied Plastics, Inc., Forming Technologies, LLC, and Packaging Concepts & Design, LLC, and for all other relief the Court deems appropriate.

        Respectfully submitted,

        /s/ *Eddy De Los Santos*
        Eddy De Los Santos
        State Bar No. 24040790
        Federal I.D. 602417
        Katriel C. Statman
        State Bar No. 24093197

Federal I.D. No. 2513924
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWTIZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
edelossantos@bakerdonelson.com
kstatman@bakerdonelson.com
*Attorneys for Defendant,*
*Benteler de Mexico S.A. de C.V. Mexico / Puebla*

– AND -

/s/ *Christopher C. Peterson*
Christopher C. Peterson
State Bar No. 00798430
Federal I.D. No. 21184
cpeterson@lopezpeterson.com
Joe Maldonado, Jr.
State Bar No. 24039474
Federal I.D. No. 585593
jmaldonado@lopezpeterson.com
**LOPEZ PETERSON, PLLC**
101 W. Hillside, Suite 1
Laredo, Texas 78041
Telephone: (956) 718-2134
Facsimile: (956) 718-2045

*Attorney for Defendant,*
*Benteler Automotive Corporation*